IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10-cv-267

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, on behalf of its Insureds, GLOBE CARRIER COMPANY and ROUMEN T. VELKOV,<br><br>Plaintiff,<br><br>vs.<br><br>LACI FREDRICS, JASON PETER CLARK, CATHERINE CLARK, CHRISTOPHER REED, CHARLES CONARD, DANNY MATHIS, WILLIAM CORY BUSHMAN, HAROLD BRUCE STEVENS, ESTATE OF AMBER REED, ESTATE OF ALVIN KIMBLE, ESTATE OF GAIL KIMBLE, VAN SMITH, B&S TRUCKING, INC. and NORTH CAROLINA DEPARTMENT OF TRANSPORTATION,<br><br>Defendants/Claimants, | ORDER FOR DEPOSIT, RESTRAINING ORDER, and ORDER for SERVICE of PROCESS |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Order Directing Payment of Policy Proceeds for Deposit in Court Registry [Doc. 3] and Motion for Restraining Order and Service of Process Authorized by 28 U.S.C. § 2361 [Doc. 5].

## PROCEDURAL HISTORY

On November 11, 2010, the Plaintiff Great West Casualty Company (Great West) initiated this statutory interpleader action on behalf of its insureds, Globe Carrier Company (Globe) and Roumen T. Velkov (Velkov), pursuant to 28 U.S.C. §1335. [Doc. 1]. In the Complaint, it is alleged that Great West insured Globe, a commercial trucking company which employed Velkov, on October 24, 2010 when an accident occurred in Henderson County, North Carolina. [Id., at 4]. The accident involved a vehicle owned by Globe and driven by Velkov which collided with and caused collisions with numerous vehicles on Interstate 26 in Henderson County. [Id.]. Five people died as a result of their injuries from the accident and others suffered personal injuries. [Id.]. Each of the potential claimants has been named in the action except for the estates of two potential claimants, Charles Novak and Theresa Seaver, for whom probate estates have not yet been established. [Id.].

Great West issued one liability insurance policy to Globe in the amount of one million dollars. [Id., at 5]. No other policies are known to it and it is of the belief that no other policies were issued by any other company. [Id.]. Great West also claims that neither Globe nor Velkov, who has been discharged in bankruptcy, have assets available to satisfy any potential judgments which result from the accident. [Id.].

Seven of the fourteen named claimants are or were North Carolina residents. [Id., at 1-3]. The two remaining potential claimants were North Carolina residents. [Id., at 5]. The accident occurred in North Carolina. Great West is confronted with the possibility of claims exceeding the policy limits of one million dollars due to the deaths and extensive injuries resulting from the collision. [Id., at 6]. It is also confronted with rival claims since the claims for death may exceed those for personal injuries, or *vice versa*, and, as a result, Great West is in the position of being unable to ascertain an equitable allocation of proceeds. [Id.]. Great West seeks leave to pay into court the full amount of its insurance policy pursuant to statutory interpleader.

Great West also moved for an order restraining the potential claimants from initiating or pursuing state or federal actions which would impact the available liability insurance. [Doc. 5]. It seeks national service of process pursuant to 28 U.S.C. §2361. [Id.].

**DISCUSSION**

Federal district courts have original jurisdiction over a civil action for interpleader filed by any person or entity having in its possession five hundred dollars or more if (1) two or more adverse claimants of diverse citizenship may claim to be entitled to the money and (2) the money has been paid into court. 28 U.S.C. §1335(a). An action for statutory interpleader is "an equitable

remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." Security Ins. Co. of Hartford v. Arcade Textiles, Inc., 40 Fed.Appx. 767 **2 (4th Cir. 2002), *certiorari denied* 537 U.S. 1109, 123 S.Ct. 852, 154 L.Ed.2d 780 (2003).

Here, Great West stands ready to deposit one million dollars into the court registry. It has thus satisfied the threshold dollar amount. State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 532, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967) (insurance company need not "wait until persons asserting claims against its insured have reduced those claims to judgment before seeking to invoke the benefits of federal interpleader.").

In a statutory interpleader action, only the claimants need be diverse, not the parties, and only two claimants must have diverse citizenship. 4 Moore's Federal Practice, §22.04[2][b] (Matthew Bender 3d ed.). Since the claimants in this action are residents, variously, of South Carolina, Florida, North Carolina, Virginia, Kentucky and Tennessee, diversity of two or more of the claimants has been shown. Id.

Great West has shown that it possesses a single stake which is subject to multiple potential claims. Moore's, supra., at §22.03[1][c]. Those claims could expose it to multiple actions resulting in multiple liability, Id., and the

4

various claims could clearly exceed one million dollars rendering them adverse. Id., at §22.03[1][d]; Tashire, 386 U.S. at 533 n.15 (claims are adverse because they are "competing for a fund which is not large enough to satisfy them all."); Texas v. Florida, 306 U.S. 398, 406, 59 S.Ct. 563, 83 L.Ed.817 (1939) (plaintiff need not wait until actions are instituted).

Although this Court must have *in personam* jurisdiction over the claimants, section 2361 "allows nationwide service of process, and thus permits the exercise of personal jurisdiction over any claimant who has established contacts anywhere in the United States, even if that claimant does not have minimum contacts with the forum state in which the federal interpleader court sits." Moore's, supra., at §22.03[1][f].

"Interpleader is a remedial joinder device that is efficient and avoids multiple liability and inconsistent obligations." Id., at §22.03[1][h]. Courts are therefore compelled to construe interpleader provisions liberally. Id. Great West has established that interpleader is appropriate in this case. Since one or more of the claimants resides in the Western District of North Carolina, venue in this Court is proper. 28 U.S.C. §1397. The Court finds that the purpose behind the interpleader statute would be rendered futile if several courts could litigate the right to the stake at issue, the one million dollar insurance policy. Moore's, at §22.04[5][a]. "Absent self-restraint of the parties,

5

the only way to ensure that there will not be overlapping litigation is to have the interpleader court issue an injunction against other proceedings." Id. Congress authorized restraining orders in interpleader actions pursuant to 28 U.S.C. §2361 and Federal Rule of Civil Procedure 65(e)(2) excepts that statute from its procedures. Id. The Court finds, in its discretion, that a restraining order shall issue at such time as Great West deposits the stake with the court registry. Id. The restraint will be limited to actions against the stake; that is, the sum of one million dollars. Id.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Order Directing Payment of Policy Proceeds for Deposit in Court Registry [Doc. 3] is hereby **GRANTED**. On or before ten (10) days from entry of this Order, the Plaintiff shall deliver to the Clerk of Court for the Western District of North Carolina payment of one million dollars ($1,000,000.00) representing the total amount of coverage available pursuant to the Plaintiff's Policy GWP39171E issued on behalf of its insureds, Globe Carrier Company and Roumen T. Velkov. The Clerk of Court is authorized to accept this sum from the Plaintiff and to deposit these funds into the registry of the Court where they shall remain pending further Court Order.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Service of

Process Authorized by 28 U.S.C. § 2361 [Doc. 5] is hereby **GRANTED** and service of process of the Summons and Complaint as well as this Order shall be accomplished pursuant to 28 U.S.C. §2361 by personal service by the United State Marshals for the respective districts where the claimants reside. Return and proof of service of process shall be made by each United States Marshal by affidavit in the manner required by Federal Rule of Civil Procedure 4(l)(1).

**IT IS FURTHER ORDERED** that at such time as the Plaintiff makes deposit of the stake into the registry of this Court, the Plaintiff's Motion for Restraining Order [Doc. 5] shall be **GRANTED** and the claimants shall be restrained from initiating, instituting or prosecuting any proceeding in any State or United States Court against the one million dollars ($1,000,000.00) in liability coverage insurance proceeds pursuant to the Plaintiff's Policy GWP39171E.

**IT IS FURTHER ORDERED** that this Order shall apply prospectively to any individuals, estates or entities who are appropriately added to this action as claimants.

Signed: November 20, 2010

Martin Reidinger
United States District Judge