THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv267

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, INC., of behalf of its Insureds, GLOBE CARRIER COMPANY, ROUMEN T. VELKOV and GERGANA LAZOVA, Plaintiffs, vs. LACEY FREDRICS, et. al., Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ORDER OF DISMISSAL**

**THIS MATTER** is before the Court on the Defendant North Carolina Department of Transportation's Motion to Dismiss and Disclaimer and Waiver [Doc. 119]. The Plaintiffs have filed a Non-Opposition to Defendant/Claimant NCDOT's Motion to Dismiss and Disclaimer and Waiver [Doc. 120]. Although the other Defendants have been served, none of them have responded to the motion.

On November 11, 2010, the Plaintiff Great West Casualty Company (Great West) initiated this statutory interpleader action on behalf of its

insureds, Globe Carrier Company (Globe), Gergana Lazova (Lazova) and Roumen T. Velkov (Velkov), pursuant to 28 U.S.C. §1335. [Doc. 1; Doc. 28]. In the Second Amended Complaint for Interpleader, it is alleged that Great West insured Globe, a commercial trucking company whose President was Lazova and which employed Velkov, on October 24, 2010 when an accident occurred in Henderson County, North Carolina. [Id.]. The accident involved a vehicle owned by Globe and driven by Velkov which collided with and caused collisions with numerous vehicles on Interstate 26 in Henderson County. [Id.]. Five people died as a result of their injuries from the accident and others suffered personal injuries. [Id.]. The potential claimants have been named in the action, including the North Carolina Department of Transportation (NCDOT). [Id.].

Great West issued one liability insurance policy to Globe in the amount of One Million Dollars ($1,000,000.00). [Id., at 5]. No other policies are known to it and it is of the belief that no other policies were issued by another company. [Id.]. Great West also states that Globe has minimal assets, if any, and Lazova and Velkov have been discharged in bankruptcy. [Id.]. Thus, the insureds do not have assets available to satisfy any potential judgments which result from the accident. [Id.].

Confronted with the possibility of claims exceeding the amount of its

policy as well as rival claims, Great West sought leave to pay into court the full amount of its insurance policy pursuant to statutory interpleader. Leave was so granted on November 22, 2010. [Doc. 7].

NCDOT was named as a party due to damage sustained during the accident to a guardrail located on Interstate 26 in Henderson County, North Carolina. [Doc. 119 at 2]. The amount of that damage is approximately Seven Thousand Three Hundred Dollars ($7,300.00) and NCDOT has elected to disclaim any proceeds it might recover for that property damage. [Id.]. In support of this request, NCDOT has stated that it

> hereby disclaims any and all interest in the amounts deposited by the Plaintiff ... in this case for the damage to its property, to wit the damaged guardrail referenced above. [NCDOT] hereby disclaims any and all interest in any future additional compensation to be deposited with Court ... in this case with respect to the damage to its property, to wit the damaged guardrail referenced above, and waives any further proceeding in this case to determine just compensation as provided by 28 U.S.C. §1335 for the damage to its property, to wit the damaged guardrail referenced above.

[Doc. 119 at 2-3].

Great West responded that it agrees an Order should be entered in which it is noted that NCDOT has a property damage claim arising from the accident and that "NCDOT has waived and/or disclaimed any right of recovery against the Plaintiffs, jointly and severally, for its property damage claim." [Doc. 120 at 2]. NCDOT did not file any reply to that response.

3

The Court finds for the reasons stated in the motion and the response thereto, that the relief sought should be granted.

**IT IS, THEREFORE, ORDERED** that the Defendant North Carolina Department of Transportation has a property damage claim arising from the accident involved in this case and it has disclaimed and waived any right of recovery against the Plaintiffs, jointly and severally, for that property damage claim.

**IT IS FURTHER ORDERED** that the Defendant North Carolina Department of Transportation's Motion to Dismiss and Disclaimer and Waiver [Doc. 119] is hereby **GRANTED** and it is hereby **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Motion to Dismiss having been granted and the disclaimer and waiver having been entered of record, the Defendant North Carolina Department of Transportation may have and recover nothing of the Plaintiffs.

Signed: October 22, 2011

Martin Reidinger
United States District Judge