# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv267

| | |
|---|---|
| **GREAT WEST CASUALTY COMPANY,** )<br>on behalf of its Insureds, Globe Carrier )<br>Company, Roumen T. Velkov and Gergana )<br>Lazova, )<br>          )<br>     Plaintiff, )<br>          )<br>v.        )<br>          )<br>**LACEY FREDRICS, et al.,** )<br>          )<br>     Defendants/Claimants. )<br>_____ ) | **ORDER** |

Pending before the Court is the Motion to Stay Interpleader Action [# 89]. This is an interpleader action brought pursuant 28 U.S.C. § 1335 arising out of a collision on I-26 in Henderson County, North Carolina. Plaintiff, believing the monetary value of the claims that will arise out of this collision will exceed the $1 million available under the applicable insurance policy, deposited the entire amount with the Court. Eight of the Defendants/Claimants ("Movants") now move to stay these proceedings pending the final resolution of litigation in state court on the issue of tort liability. Plaintiff opposes staying the proceedings. The Court **GRANTS** the motion [# 89].

## I. Background

Plaintiff Great West Casualty Company is a Nebraska corporation that provides insurance coverage for commercial trucking operations. (Pl.'s Third Am. Compl. ¶ 1.) Plaintiff issued an insurance policy to Globe Carrier Company ("Globe"), which is a commercial trucking company based in Illinois. (Id. ¶ 2.) This policy has a $1 million coverage limit. (Id. ¶ 26.)

On October 23, 2010, Roumen T. Velkov, who was employed by Globe as a commercial truck driver, was driving a tractor trailer eastbound on Interstate 26 in Henderson County, North Carolina when he collided with or caused collisions with numerous vehicles. (Id. ¶ 27.) At least five individuals died as a result of this accident. (Id. ¶ 28.) Other individuals suffered severe injuries, and many of Claimants' automobiles were destroyed. (Id.) Because Plaintiff believes the total value of all the claims arising out of the October 23, 2010, accident will exceed the $1 million policy limit, Plaintiff brought this statutory interpleader action pursuant to 28 U.S.C. § 1335 so that the Court can determine the fair and equitable allocation of the policy proceeds. (Id. ¶ 36.) Plaintiff does not dispute that the distribution of the total policy limit is warranted. (Id.)

Subsequently, some of the Claimants brought Crossclaims against Taylor and Murphy Construction Company, Inc. and Ferrar Pan Candy Co., Inc. Movants

also filed suit in the Circuit Court of Cook County, Illinois against Ferrar Pan Candy Company, Inc., Great West Casualty Company, Inc., Globe Carrier Company, Roumen Velkov, and Gergana Lazova. (Ex. 3 to Def.'s Mot. to Stay.) The Illinois action asserts negligence and other torts against the defendants and seeks to determine liability and fault of the alleged tortfeasors in the October 23, 2010, accident. Movants also represent that some of the other Defendants/Claimants in the interpleader action are contemplating filing a state court action in North Carolina against other potential tortfeasors.

Movants now move the Court to stay this interpleader action pending a final determination of liability in these state court actions. Upon the entry of a final judgment or settlement in the state court proceedings, the Court can lift the stay and determine the appropriate allocation of the $1 million. Plaintiff opposes staying this case. Movants' motion is now properly before the Court.

**II.   Analysis**

The threshold question for this Court is determining what standard governs the Court's decision as to whether to stay these interpleader proceedings pending resolution of the concurrent state court proceedings. Movants rely on the inherent power of the Court to control its docket.[1] In contrast, Plaintiff contends that

---

[1] As Plaintiff correctly points out in response to Movants' motion, however, the cases relied on by Movants do not address staying an interpleader action pending the resolution of a
-3-

whether to stay these proceedings pending the concurrent state court litigation is controlled by the exceptional circumstances test set forth by the United States Supreme Court in Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 96 S. Ct. 1236 (1976).

The long standing general rule is that the pendency of a similar action in state court is not a bar to parallel federal proceedings. McClellan v. Carland, 217 U.S. 268, 282, 30 S. Ct. 501, 504-05 (1910); Will v. Calvert Fire Ins. Co., 437 U.S. 655, 662, 98 S. Ct. 2552, 2557 (1978). In certain circumstances, however, a district court may decline or postpone the exercise of its jurisdiction. See Colorado River, 424 U.S. at 813, 96 S. Ct. at 1244. For example, in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494, 62 S. Ct. 1173, 1175 (1942), the Supreme Court explained that district courts are under no compulsion to exercise their jurisdiction in federal declaratory judgment cases. See also Will, 437 U.S. at 662-3, 98 S. Ct. at 2557. In deciding whether to stay the federal proceedings, the district court should consider factors such as the scope of the state court proceedings, whether all the parties in interest can satisfactorily adjudicate their claims in the state proceedings, whether necessary parties have been joined, and whether the parties are amenable to process in that proceeding. Brillhart at 495, 62 S. Ct. at 1176; see

---

state court proceeding.

also Wilton v. Seven Falls Co., 515 U.S. 277, 282-83, 115 S. Ct. 2137, 2140-41 (1995). As the Supreme Court explained in Brillhart:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoid.

316 U.S. at 495, 62 S. Ct. at 1175-76. Ultimately, the decision to stay a declaratory judgment action is left to the sound discretion of the district court. Wilton, 515 U.S. 287-89, 115 S. Ct. 2143-44.

Subsequently, in Colorado River the Supreme Court noted that federal district courts have a "virtually unflagging obligation" to exercise their jurisdiction over cases where the parties properly invoke the court's jurisdiction. 424 U.S. at 817, 96 S. Ct. at 1246. The Supreme Court then held that federal courts may postpone or decline the exercise of jurisdiction only in "exceptional circumstances." Id. at 813, 96 S. Ct. at 1244. District courts, therefore, have significantly more latitude in deciding whether to stay a case under Brillhart than Colorado River. See Wilton, 515 U.S. at 286, 115 S. Ct. at 2142.

Despite the potential conflict between Brillhart and Colorado River, both remain good law. See id. As the Supreme Court held in Wilton, the more relaxed Brillhart standard governs declaratory judgment actions. Id. at 289, 115 S. Ct. at

2144. Some courts, however, have also held that the more discretionary Brillhart standard, rather that the exceptional circumstances standard of Colorado River, governs a district court's decision whether to stay a statutory interpleader action due to the pendency of related state court proceedings. See NYLife Distributors, Inc. v. Adherence Group, Inc., 72 F.3d 371, 382 (3rd Cir. 1996); Q3 JMC,Inc. v. Mason Plastics, Inc., No. 1:99cv923, 2000 WL 1229567, at *1 (M.D.N.C. Jun. 20, 2000) (adopting the reasoning of the Third Circuit in NYLife and applying Brillhart in the statutory interpleader context); Crommelin v. Woodfield, No. 95-8697, 1998 WL 188101 (S.D. Fla. Mar. 2, 1998) (applying Brillhart in statutory interpleader context); but see West Side Transport, Inc. v. APAC Miss., Inc., 237 F. Supp. 2d 707, 714 (S.D. Miss. 2002) (holding that Colorado River applied in the context of a statutory interpleader action).

After a careful review of the relevant authority, the Court agrees with the reasoning of the Third Circuit and those courts that have held that the discretionary standard of Brillhart applies in the statutory interpleader context.[2] This standard is

---

[2] Although the Court finds that the Brillhart standard is applicable when determining whether the Court will exercise its discretion and refrain from exercising jurisdiction over a case due to the pendency of a state court proceeding, the Court has some reservations as to whether the standard applies in the context of this case. The Court is not declining to exercise its jurisdiction over this dispute but, rather, staying the distribution of the insurance proceeds pending the resolution of the state court proceedings. In such a context, the Court questions whether cases addressing the abstention doctrines are applicable. In an abundance of caution, however, the Court will apply the more restrictive abstention standard to this case.

-6-

Case 1:10-cv-00267-MR -DLH   Document 123   Filed 11/04/11   Page 6 of 9

consistent with the Fourth Circuit's recognition that the basis of an interpleader action is equity. Humble Oil & Ref. Co. v. Copeland, 398 F.2d 364, 368 (4th Cir. 1968) ("The genesis of interpleader is equity, and we perceive no reason why it should be denied the remedial flexibility that is characteristic of a chancellor's decree. Thus, the district court can stay its proceedings, permit the parties to litigate ownership of the royalties in Texas . . . and . . . after this issue has been determined, distribute the funds in the registry.").

Finally, the Court finds that the exercise of its discretion to stay this action pending the outcome of the state court proceedings is warranted in this case. Movants brought claims against Ferrara Pan Candy Company, Inc., Great West Casualty Company, Inc., Globe Carrier Company, Roumen Velkov, and Gerganz Lazova for damages arising out the October 24, 2010, accident. The parties have already engaged in discovery in the Illinois action. Allowing this case to proceed simultaneously with the same parties as the Illinois action is uneconomical and would intertwine this Court with the state court proceedings. Moreover, unlike West Side Transport, no party has sought a declaratory judgment in this Court that under the terms of the insurance policy at issue, Plaintiff Great West's liability exceeds the $1 million it deposited with the Court. See 237 F. Supp. 2d at 711.[3] In

---

[3] Moreover, the Court in West Side Transport noted that once it resolved the issue of the insurer's total liability it would address the issue of whether to stay the distribution of any

-7-

fact, Plaintiff does not even dispute that a distribution of the $1 million is warranted.

The proper course of action in this case is for this Court to maintain jurisdiction over the case and the $1 million and stay these proceedings while the parties litigate the issue of liability in state court. Once the state court proceedings are resolved, and the issues of liability and contribution are determined, this Court will take up the issue of the proper allocation of the funds held in the Registry of the Court. In short, the Court finds that it can best determine the proper equitable distribution of the insurance proceeds once the state court proceedings are resolved. Accordingly, the Court **GRANTS** Movant's motion [# 89].

### III. Conclusion

The Court **GRANTS** the Motion to Stay Interpleader Action [# 89]. The Court **STAYS** this case pending the resolution of the state court proceedings. The Court **DIRECTS** Movants to notify the Court within thirty (30) days of the final resolution of the Illinois state court action. The Court, however, maintains jurisdiction over this case and the $1 million in insurance proceeds.

---

insurance proceeds pending the resolution of the state court proceedings. 237 F. Supp. 2d at 717.

Signed: November 4, 2011

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge