# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv267

| | |
|---|---|
| **GREAT WEST CASUALTY COMPANY, INC.,** ) <br> **of behalf of its Insureds,** ) <br> **GLOBE CARRIER COMPANY,** ) <br> **ROUMEN T. VELKOV and GERGANA LAZOVA,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **vs.** ) <br> ) <br> **LACEY FREDRICS,** *et. al.*, ) <br> ) <br> **Defendants.** ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiffs' Objections to Magistrate's Order [Doc. 124].

## PROCEDURAL HISTORY

On November 11, 2010, the Plaintiff Great West Casualty Company (Great West) initiated this statutory interpleader action on behalf of its insureds, Globe Carrier Company (Globe), Roumen T. Velkov (Velkov) and Gergana Lazova (Lazova)[1] pursuant to 28 U.S.C. §1335. [Doc. 1]. Great West insured Globe, an Illinois corporation and commercial trucking company.

---

[1]Lazova was actually added as a named party in a later amended complaint. [Doc. 28].

Lazova is the president of Globe. Globe employed Velkov who, on October 24, 2010, was driving a tractor trailer owned by Globe and carrying a load for Ferrara Pan Candy Company (Ferrara) when an accident occurred in Henderson County, North Carolina. The tractor trailer collided with and allegedly caused collisions with numerous vehicles on Interstate 26 resulting in multiple deaths and numerous personal injuries.

Prior to the accident, Great West had issued one liability insurance policy to Globe in the amount of one million dollars. At the time Great West brought this interpleader action, it had not been able to locate any other policies and was of the belief that no other policies had been issued by another company. Great West also claimed that neither Globe nor Velkov, who has been discharged in bankruptcy, has assets available to satisfy any potential judgments which may result from the accident. Great West thus was confronted with the possibility of claims exceeding one million dollars due to the extensive nature of the collision and resulting deaths and injuries. As a result, Great West was in the position of being unable to ascertain an equitable allocation of proceeds and sought leave to pay into court the full amount of its insurance policy pursuant to statutory interpleader. Great West also moved pursuant to 28 U.S.C. §2361 for an order restraining potential

claimants from initiating or pursuing state or federal actions which would affect the proceeds of the insurance policy paid into court. [Doc. 5].

On November 22, 2010, the undersigned granted the Plaintiffs' motion and entered an Order for Deposit, Restraining Order and Order for Service of Process.[2] [Doc. 7]. The next day, Great West filed a First Amended Complaint which added new Defendants. [Doc. 8]. On January 14, 2011, Great West dismissed certain Defendants after learning that they declined to assert claims. [Doc. 26]. On January 20, 2011, Great West filed its Second Amended Complaint which added Lazova as a Plaintiff as well as an additional Defendant. [Doc. 28].

On April 25, 2011, a Third Amended Complaint was filed with court permission which, again, added potential claimants/defendants. [Doc. 73]. Taylor and Murphy Construction Company, Inc. (Taylor) and Ferrara were added because of the possibility that they may be held liable to the claimants and thus seek contribution from the deposited funds.[3] Taylor owned a dump truck which had collided with a bridge approximately two hours before the collision at issue in this case. The dump truck's collision with the bridge was

---

[2]Great West deposited the policy proceeds on November 29, 2010.

[3]Aimee Petit was also added as a Defendant/Claimant. She was a passenger in one of the cars involved in the collision.

the cause of the traffic backup which existed at the time the tractor trailer being driven by Velkov collided with several stopped vehicles. [Id.]. As noted above, Velkov's truck was carrying a load for Ferrara. [Id.]. The relief sought in the Third Amended Complaint, however, remained the same: statutory interpleader pursuant to which Great West had paid the total proceeds of its insurance policy into Court in order for the Court to make a determination of the distribution thereof.

On April 26, 2011 Defendants Reed, Clark, Frederics, Kimble, Carpenter and Novak (the Illinois plaintiffs) filed an action in state court in Illinois against all the Plaintiffs herein, in addition to others. [Doc. 89]. They did so without seeking relief from this Court's prior restraining order. On June 13, 2011, th eIllinois plaintiffs moved to stay this action pending the conclusion of that Illinois case. The Magistrate Judge granted the motion to stay and the Plaintiffs now seek reconsideration.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) provides:

> When a pretrial matter not dispositive of a party's claim ... is referred to a magistrate judge to hear and decide, the magistrate judge must ..., when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. ... The district judge in the case must consider timely objections and modify or set aside

4

any part of the order that is clearly erroneous or is contrary to law. Fed.R.Civ.P. 72(a).

A ruling is clearly erroneous if a reviewing court is "left with the definite and firm conviction that a mistake has been committed." United States v. DeSilva, 613 F.3d 352, 356 (2d Cir. 2010); United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007) (internal quotation and citation omitted); High Voltage Beverages, LLC v. Coca-Cola Co., 2010 WL 2342458 (W.D.N.C. 2010).

**DISCUSSION**

Although Great West seeks reconsideration of the Magistrate Judge's decision to stay the action, it appears that the motion to stay may have been premature. As noted above, this Court allowed the third amendment of the Complaint on April 25, 2011 which added Taylor and Ferrara as Defendants/Claimants. The relief sought in this interpleader action is a determination of the rights of the parties to the fund and a distribution thereof in accord with that determination. [Doc. 73]. The day after that amendment, April 26, 2011, Reed, Clark, Frederics, Kimble, Carpenter and Novak brought

5

suit against Great West and its insureds in state court in Illinois.[4] [Doc. 89-3]. They also sued Ferrara. [Id.]. The relief sought in the state court action is for monetary damages for wrongful death and survivors' losses resulting from the defendants' alleged negligence.

After bringing the state court action, Reed, Clark, Fredrics, Kimble and Novak then moved this Court to stay the federal court action pending the outcome of the Illinois case. In that motion, they do not seek a lifting of the Restraining Order issued in this case to allow prosecution of the Illinois action. [Doc. 89]. In fact, in the Motion to Stay, these parties claim that the "relative culpability of the various parties needs to be fully determined [in the state court action] before this Court can equitably distribute the interpleader fund[.]" [Id.]. Indeed, they go so far as to state that "the victims of the truck crash have claims against other tortfeasors that must be resolved in other courts *before a fair division of the interpleader fund can be made as between all defendants/claimants*." [Doc. 89-1 at 5] (emphasis provided). However, not all of the parties are before the Illinois state court. Indeed, the Plaintiffs have disclosed that other parties to this action, Defendants/Claimants Catherine

---

[4] The copy of the Illinois complaint that has been filed with this Court [Doc. 89-3] is incomplete, and from it the Court cannot determine the nature of the claim against Great West or why it is named as a party defendant in that suit.

Clark and Theresa Seaver, have now brought state court actions in North Carolina. [Doc. 124 at 6]. None of the other Defendants in this action joined in the Motion to Stay, although it must also be noted that none of them opposed it.

> The utility of interpleader as a device for efficient, consistent resolution of a multi-sided dispute would be threatened if several courts could litigate the issues underlying the interpleader case simultaneously. Absent self-restraint of the parties, the only way to ensure that there will not be overlapping litigation is to have the interpleader court issue an injunction against other proceedings. In response, Congress empowered courts hearing statutory interpleader cases to enjoin other proceedings – in state courts or federal district courts – relating to the stake.

4 Moore's Federal Practice, §22.04[5][a] (Matthew Bender 3d Ed.).

Pursuant to 28 U.S.C. §2361, on November 20, 2010, this Court entered a Restraining Order which provides that "the claimants [in this action] shall be restrained from initiating, instituting or prosecuting any proceeding in any State or United States Court against the one million dollars ($1,000,000.00) in liability coverage insurance proceeds pursuant to the [Great West] Policy GWP39171E." [Doc. 7 at 7]. The Restraining Order also provides that it shall be applicable to parties added to the action after the entry thereof, such as Ferrara and Taylor have been. [Id.]. "In an interpleader action the district court may ... enter an order restraining the claimants from instituting any

proceeding *affecting the property* until further order of the court." Rhoades v. Casey, 196 F.3d 592, 600-01 (5th Cir. 1999) (emphasis provided). The Order entered here thus operates to restrain actions against the res at issue but does not extend "to actions against the insured or other alleged tortfeasors *if those suits are not claims against the fund*." Moore's, supra. (emphasis provided). In other words, to the extent that the plaintiffs in the state court actions seek a recovery outside the limits of the interpleader fund, there is no restraint. Id. (citing State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 533, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967)). Likewise, to the extent they seek merely to establish liability but not to reach the fund in this action, there is no restraint. Carolina Cas. Ins. Co. v. Mares, 826 F.Supp. 149 (E.D.Va. 1993).

This Court does not imply that it will enjoin other state or federal courts from proceeding, although the statute certainly provides for such relief. Lorillard Tobacco Co. v. Chester,Willcox & Saxbe, 589 F.3d 835, 844 (6th Cir. 2009). The Court will, however, require the parties to provide information to the Court concerning the status of and claims presented in any other litigation between these parties.

8

## ORDER

**IT IS, THEREFORE, ORDERED** that on or before fourteen (14) days from entry of this Order the parties shall report to the Court the following information:

1. All Defendants/Claimants who have filed suit in any court regarding the accident at issue herein shall provide all information about such suit including the identities of the parties thereto, where it is pending, when it was filed, and the purpose of such suit (including particularly whether such Claimant is seeking recovery from the res that has been paid into this Court in the matter), and shall provide a copy of the current complaint (or amended complaint) in such suit.

2. All Defendants/Claimants who have not filed suit in another court regarding the accident at issue herein are directed to inform the Court whether they intend to pursue a claim regarding said accident only by way of participation in this interpleader action.

3. All parties shall inform the Court whether they support or oppose the current Motion for Stay.

4. All parties shall inform the Court as to whether it is their position that the filing of suits in other courts regarding the accident at issue herein violates

this Court's restraining order, along with the basis for their position.

Signed: August 9, 2012

Martin Reidinger
United States District Judge