IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv267

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, INC., of behalf of its Insureds, GLOBE CARRIER COMPANY, ROUMEN T. VELKOV and GERGANA LAZOVA, <br><br> Plaintiffs, <br><br> vs. <br><br> LACEY FREDRICS, JASON PETER CLARK, CATHERINE CLARK, CHRISTOPHER REED, CHARLES CONARD, DANNY MATHIS, HAROLD BRUCE STEVENS, KEARA CARPENTER, ESTATE OF CHARLES J. NOVAK, ESTATE OF THERESA N. SEAVER, ESTATE OF AMBER REED, ESTATE OF ALVIN KIMBLE, ESTATE OF GAIL KIMBLE, YOKOHAMA CORPORATION OF NORTH AMERICA, TAYLOR AND MURPHY CONSTRUCTION COMPANY, INC., and FERRARA PAN CANDY CO., INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## ORDER

**THIS MATTER** is before the Court on the parties' responses to the Court's Order of August 9, 2012 (Doc. 126). [Doc. 127, Doc. 128, Doc. 129, Doc. 130, Doc. 131, Doc. 132, Doc. 133, Doc. 134, Doc. 135].

## PROCEDURAL HISTORY

On November 11, 2010, the Plaintiff Great West Casualty Company (Great West) initiated this statutory interpleader action on behalf of its insureds, Globe Carrier Company (Globe), Roumen T. Velkov (Velkov) and Gergana Lazova (Lazova)[1] pursuant to 28 U.S.C. §1335. [Doc. 1]. Great West issued a liability policy to Globe, an Illinois corporation and commercial trucking company. Lazova is the president of Globe. Globe employed Velkov who, on October 24, 2010, was driving a tractor trailer owned by Globe and carrying a load for Ferrara Pan Candy Company (Ferrara) when an accident occurred in Henderson County, North Carolina. The tractor trailer collided with and allegedly caused collisions with numerous vehicles on Interstate 26 in Henderson County resulting in multiple deaths and numerous personal injuries.

Prior to the accident, Great West had issued a single liability insurance policy to Globe in the amount of one million dollars. At the time Great West brought this interpleader action, it had not been able to locate any other policies and was of the belief that no other liability policies covering its insureds herein had been issued by another company. Great West also

---

[1] Lazova was actually added as a named party in a subsequent amended complaint. [Doc. 28].

claimed that neither Globe nor Velkov, who has been discharged in bankruptcy, has assets available to satisfy any potential judgments which may result from the accident. Great West thus was confronted with the possibility of claims exceeding one million dollars due to the extensive nature of the collision and resulting deaths and injuries. As a result, Great West was in the position of being unable to ascertain an equitable allocation of proceeds and sought leave to pay into court the full proceeds of its insurance policy pursuant to statutory interpleader. Great West also moved pursuant to 28 U.S.C. §2361 for an order restraining potential claimants from initiating or pursuing state or federal actions which would impact the fund paid into court; that is, the available liability insurance. [Doc. 5].

On November 22, 2010, the undersigned granted the Plaintiffs' motion and entered an Order for Deposit, Restraining Order and Order for Service of Process.[2] [Doc. 7]. The next day, Great West filed a First Amended Complaint which added new Defendants. [Doc. 8]. On January 14, 2011, Great West dismissed certain Defendants after learning that they did not wish to assert claims. [Doc. 26]. On January 20, 2011, Great West filed its Second Amended Complaint which added Lazova as a Plaintiff as well as another

---

[2]Great West deposited the policy proceeds on November 29, 2010.

3

Case 1:10-cv-00267-MR-DLH   Document 136   Filed 09/06/12   Page 3 of 17

Defendant. [Doc. 28].

On April 25, 2011, a Third Amended Complaint was filed with court permission which, again, added potential claimants/defendants. [Doc. 73]. Taylor & Murphy Construction Company, Inc. (Taylor & Murphy) and Ferrara were added due to concerns of a contribution claim involving them.[3] Taylor & Murphy owned a dump truck which had collided with a bridge about two hours before the collision at issue. The dump truck's collision with the bridge is alleged to have been the cause of the traffic backup which existed at the time the tractor trailer being driven by Velkov collided with several stopped vehicles. [Id.]. As noted above, Velkov's truck was carrying a load for Ferrara. [Id.]. The relief sought in the Third Amended Complaint, however, remained the same: statutory interpleader pursuant to which Great West had paid the total proceeds of its insurance policy into Court in order for the Court to make a determination of the distribution thereof.

On June 13, 2011, Defendants Reed, Clark, Frederics, Kimble, Carpenter and Novak moved to stay this action pending the conclusion of an action filed on April 26, 2011 in state court in Illinois. [Doc. 89]. The Magistrate Judge granted the motion and the Plaintiffs sought reconsideration

---

[3]Aimee Petit was also added as a Defendant/Claimant. She was a passenger in one of the cars involved in the collision.

4

thereof. [Doc. 124].

In considering the Plaintiffs' motion to reconsider the stay of this action, the Court determined it was necessary to hear from the parties concerning the status of any other actions which have been filed arising out of this accident. The parties have responded and the Motion to Reconsider is now ready for disposition.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) provides:

> When a pretrial matter not dispositive of a party's claim ... is referred to a magistrate judge to hear and decide, the magistrate judge must ..., when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. ... The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed.R.Civ.P. 72(a).

A ruling is clearly erroneous if a reviewing court is "left with the definite and firm conviction that a mistake has been committed." United States v. DeSilva, 613 F.3d 352, 356 (2d Cir. 2010); United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137
5

(E.D.N.Y. 2007) (internal quotation and citation omitted); High Voltage Beverages, LLC v. Coca-Cola Co., 2010 WL 2342458 (W.D.N.C. 2010).

**DISCUSSION**

In response to the Court's Order, the parties have advised that there are two state court actions which have been filed in connection with the accident at issue. As noted above, a suit was brought in April 2011 in the Circuit Court of Cook County, Illinois by Christopher Reed, individually and as the Administrator for the Estate of Amber Reed, Jason Clark, Lacey Frederics, Harvey Kimble as the Personal Representative for the Estates of Alvin Kimble and Gail Kimble, Keara Carpenter and Jackie Novak, as the Administrator for the Estate of Charles Novak.[4] [Doc. 128 at 3-4]. In August 2012, these plaintiffs amended their complaint to dismiss Great West as a defendant and to add CJH Freight Services, Inc. (CJH Freight) as a defendant. [Doc. 128 at 4, Doc. 128-1]. The other defendants in that suit are Ferrara, Globe, Velkov and Lazova. [Id.].

In August 2011, John Seaver as the Administrator of the Estate of Theresa Seaver and Catherine Clark sued Ferrara, Great West, Globe, Velkov, Lazova and Taylor & Murphy in the North Carolina General Court of

---

[4] The plaintiffs in this second action are hereinafter referred to as the Illinois state court claimants.

6

Justice for Buncombe County, Superior Court Division.[5] [Doc. 127-1]. Taylor & Murphy moved to dismiss the action against it and on February 10, 2012, the state court granted that motion, finding that Taylor & Murphy was entitled to judgment as a matter of law. [Doc. 133, Doc. 133-1]. On February 15, 2012, the plaintiffs in that action were granted leave to amend the complaint in order to add another defendant, CJH Freight.[6] [Doc. 127-2]. That action remains pending.

In this Court's Order of August 9, 2012, the parties were instructed to advise whether the claimants in such other suits seek recovery from the res which has been paid into court in this action. [Doc. 126 at 9]. They were also advised to inform the Court whether other state court actions would be pursued and whether they support or oppose a stay of this action. [Id.]. Finally, the parties were instructed to opine whether the initiation of such other suits constituted a violation of the restraining order entered in this interpleader action. [Id. at 9-10]. The parties responses are summarized herein.

The Illinois state court claimants state that the purpose of that action is

---

[5] The plaintiffs in this third action are hereinafter referred to as the North Carolina state court claimants.

[6] In the caption of the Plaintiffs' Report Pursuant to Court's Order (Doc. 131), the Plaintiffs included CJH Freight Services, Inc. (CJH) as a named defendant in this action. The Plaintiffs herein, however, have never sought to add CJH as a defendant in this action.

7

to obtain "a determination of Globe Carrier and its employees' liability, *beyond and separate from the one million that was interpleaded*," as well as the liability of Ferrara as the shipper and CJH Freight as the broker. [Doc. 128 at 2]. (emphasis added). They further state that the Illinois complaint has been amended to delete Great West as a defendant in order to show that they "are not seeking any of the res currently interpleaded in this Court." [Id. at 4]. These claimants also seek a stay of this action pending resolution of the Illinois case.

The North Carolina state court claimants responded that the purpose of that action is "to establish liability of the defendants [in that action], jointly and severally[.]" [Doc. 127 at 2]. They have there stated claims for wrongful death and personal injuries. [Id.]. The claimants state that

> [t]he purpose of said lawsuit *is not to affect, in any way, the $1 million paid into Court in the interpleader action.* In fact, depending upon the outcome of Plaintiffs' state court lawsuit, Plaintiff may or may not access the funds. *If Plaintiff[s] do[ ] attempt to access those funds*, [they] will appropriately apply to the Court for the contended amount of those funds [sought].

[Id.]. (emphasis added). The North Carolina state court claimants also state that "when and if" they obtain a judgment against the defendants in that action, then they will make a decision whether to collect any such judgment, including whether or not to proceed against the res in this action. [Id. at 3]. They ask

8

that this action be stayed pending resolution of that state court action.

Taylor & Murphy take the position that the dismissal of it from the North Carolina state court action operates as an adjudication that no claims may be brought against it in connection with the accident. [Doc. 133 at 2]. It nonetheless opposes a stay of this interpleader action because it "hopes to reach an agreement with the other parties in which Taylor & Murphy will disclaim any and all interest in the interpleader funds in exchange for an agreement that the other parties will not bring any further actions against" it arising out of this accident. [Id.].

Ferrara responded that it has not and will not file suit in any other court concerning the accident at issue. [Doc. 134]. It takes the position that liability must be determined before this Court may adjudicate the rights to the interpleader fund. [Id.]. To that end, it requests that this Court either stay this action pending resolution of the two state court actions or proceed with this case and issue stays of the two state court matters. [Id.].

Yokohama Corporation of North America (Yokohama) responded that it has not filed any other actions and appears in this action solely in connection with a property damage claim. [Doc. 130]. It does not desire a stay of the interpleader action and requests that it go forward. [Id.].

9

Although Defendants Conard and Mathis filed a counterclaim in this action for damages, they advise that they have not and will not file suit in any other court. [Doc. 132]. They are "pursuing their claim only by participation in this interpleader action[.]" [Id.]. "Conard and Mathis support the current motion for stay, but have no objection to the other actions having been filed and their proceedings."[7] [Id.].

Like Conard and Mathis, Defendant Stevens has not brought any other suit and does not intend to do so. [Doc. 135]. His claim in connection with this accident will be pursed solely through this interpleader action. [Id.]. He does not support a stay of this action "since it appears that the only issue to be determined is the appropriate division of the insurance policy proceeds[,]" a function he believes is properly before this Court. [Id. at 1].

The Plaintiffs oppose a stay of this action. [Doc. 131]. Of concern to them is the possibility of inconsistent rulings in the Illinois and North Carolina actions due to the differences in the law of negligence and fault allocation in each state. [Id.]. They also note that two different juries could render

---

[7]These two sentences in the filing of Defendants Conard and Mathis appear to be inherently contradictory. Certainly they do not support a stay of the only action by which they seek relief. Such would be to defeat their own claims. Hence, the Court interprets this filing to mean that Defendant Conard and Mathis *oppose* a stay of this matter so that they may pursue the relief they claim.

10

inconsistent verdicts both as to liability and damages. [Id.]. Nonetheless, the Plaintiffs do not oppose the continuation of those state court actions after the resolution of this one, provided that those suits do not result in claims against the interpleader fund. [Id.].

The Court notes that the only common defendants among the two state court actions are Ferrara, which is also a named claimant/defendant in this action, and the Plaintiffs herein Globe, Velkov and Lazova.

> The utility of interpleader as a device for efficient, consistent resolution of a multi-sided dispute would be threatened if several courts could litigate the issues underlying the interpleader case simultaneously. Absent self-restraint of the parties, the only way to ensure that there will not be overlapping litigation is to have the interpleader court issue an injunction against other proceedings. In response, Congress empowered courts hearing statutory interpleader cases to enjoin other proceedings – in state courts or federal district courts – relating to the stake.

4 Moore's Federal Practice, §22.04[5][a] (Matthew Bender 3d Ed.).

In keeping with the congressional intent behind the statute, this Court entered a Restraining Order in 2010 which provides that "the claimants [in this action] shall be restrained from initiating, instituting or prosecuting any proceeding in any State or United States Court against the one million dollars ($1,000,000.00) in liability coverage insurance proceeds pursuant to the [Great West] Policy GWP39171E." [Doc. 7 at 7]. The Restraining Order also provides

11

that it shall be applicable to parties added to the action after the entry thereof, such as Ferrara and Taylor & Murphy. [Id.]. "In an interpleader action the district court may ... enter an order restraining the claimants from instituting any proceeding *affecting the property* until further order of the court." Rhoades v. Casey, 196 F.3d 592, 600-01 (5th Cir.), cert. denied 531 U.S. 924, 121 S.Ct. 298, 148 L.Ed.2d 240 (2000) (emphasis added). The Order entered here thus operates to restrain actions against the res at issue but does not extend "to actions against the insured or other alleged tortfeasors *if those suits are not claims against the fund*." 4 Moore's, ¶22.04[5][a] (emphasis added). In other words, to the extent that the plaintiffs in the state court actions seek a recovery outside the limits of the interpleader fund, there is no restraint. Id.; State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 533, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967).

The Illinois state court claimants have specifically stated that in the Illinois case they seek "a determination of Globe Carrier and its employees' liability, *beyond and separate from* the one million that was interpleaded[.]" [Doc. 128 at 2] (emphasis added). They further stated that the Illinois complaint has been amended to delete Great West as a defendant in order to show that they "are not seeking any of the res currently interpleaded in this

12

Court." [Id. at 4]. In other words, regardless of any judgment obtained in that state court action against Globe or its employees, the Illinois state court claimants will not attempt to collect such judgment from the res deposited in this interpleader action. Thus, "the fund itself is [not] the target of the claimants." State Farm, 386 U.S. at 534. Moreover, Great West is no longer a Defendant in that case and thus is protected from a second litigation.[8] Id.

While the Illinois state court claimants seek to establish the liability, if any, of Ferrara as the shipper and CJH Freight as the broker, claims against these alleged tortfeasors are not claims against the fund deposited here. Id. at 533, 535. Since these claims may not be satisfied out of the insurance fund deposited in this Court, "[t]here is nothing in the statutory scheme" of the interpleader action "which requires that the tail be allowed to wag the dog" and thus, that action may proceed. Id. The Illinois state court claimants ask that this action be stayed pending the resolution of that state court action. However, since they specifically disclaim that their state court action is a claim against the res deposited herein, there is no potential benefit in holding this interpleader in abeyance pending any determination in that state court action.

---

[8] Whether Great West has a contractual obligation to its insureds to defend them in that action, separate and apart from its obligation to pay the indemnity, is not at issue herein.

13

The North Carolina state court claimants are less than clear in their filing with this Court. On one hand, they state that "[t]he purpose of said lawsuit is not to affect, in any way, the $1 million paid into Court in the interpleader action." [Doc. 127 at 2]. On the other hand, however, they also state that "when and if" they obtain a judgment against the defendants in the state court action, they will then make a decision whether to collect any such judgment by proceeding against the res in this action. [Id. at 3]. The case law and the statute make clear that the claimants cannot have it both ways. Though they may pursue the Defendants outside of this interpleader, they may only pursue the deposited funds through this interpleader. "[The insurer]'s interest in this case, which is the fulcrum of the interpleader procedure, is confined to its [deposited] fund. That interest receives full vindication when the court restrains claimants from seeking to enforce against [that fund] any judgment obtained against its insured, except in the interpleader proceeding itself." State Farm, 386 U.S. at 535. To the extent that those claimants desire to proceed with that state court action even though the results thereof may not be enforced against the res deposited in this Court, Id., this Court will not enjoin that court from proceeding, although the statute appears to provide for such relief. See also, Lorillard Tobacco Co. v. Chester,Willcox & Saxbe, 589

14

F.3d 835, 844 (6th Cir. 2009) (interpleader actions are a recognized exception to the Anti-Injunction Act).

The interests of the Plaintiffs are that the rights to the deposited funds be disposed of in this action, and for that to be done expeditiously. Those are also the interests of the claimants who are pursuing recovery only through this interpleader. While some claimants may wish to pursue other potential tortfeasors or overage claims against the insured Plaintiffs, that desire cannot defeat the rights of the Plaintiffs and other Defendants under the interpleader statute. To stay this action while those other potentially lengthy matters proceed would serve to defeat those rights of the Plaintiffs and other Defendants.

The plaintiffs in the two state court actions argue that if this case is not stayed they will have to litigate their claims twice; once in this interpleader and once in the actions they have brought. The fail to recognize, however, that the issues would not be the same. For instance, the application of joint and several liability in the Illinois case may be completely different from that in the North Carolina litigation. Cf., N.C. Gen. Stat. §1B-1; 735 Ill. Rev. Stat. Ch. 5, ¶¶2-1116, 2-1117, 2-1118. The results of those cases would then be of no value to this Court in apportioning the deposited res. Also, if one of the

15

claimants in the Illinois case is awarded a large judgment, but the claimants in the North Carolina case are awarded small judgments, it would still be incumbent upon this Court to compare the relative claims in order to equitably apportion the deposited funds. The Illinois judgment would certainly not be binding as to the North Carolina claimants, and vice versa, as they are not common parties in either suit. In any event, the claimants who have not filed other lawsuits will be seeking for this Court to make a determination as to liability and damages regarding their claims. The only way for this Court to be able to make an "apples to apples" comparison between the awards in apportioning the res is for this Court to make relative liability and damages determinations as to all the competing claims. These are the reasons why the statutory scheme has been created the way that it has. It calls for this Court to make the determinations necessary for dividing the deposited funds and staying any collateral actions seeking some portion of those funds; rather than the other way around.

For the reasons set forth herein, there is no reason to stay this action pending the completion of the state court litigations. The Illinois state court claimants have not violated the restraining order issued in this action because they do not seek to enforce any judgment obtained therein against the res

16

deposited herein. In view of the North Carolina state court claimants' ambivalent statements, it is at least arguable that they did violate that order. The Court finds, however, that the limitations placed by this Order on any judgment which may be obtained in that suit rectifies any possible violation.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion to Reconsider, styled as Objections to Magistrate's Order (Doc. 124), is granted to the extent that the Court has reconsidered the Magistrate Judge's ruling that this action be stayed.

**IT IS FURTHER ORDERED** that this action shall not be stayed pending the resolution of the state court actions, and the stay entered by the Magistrate Judge to that effect is hereby lifted.

**IT IS FURTHER ORDERED** that the Illinois state court claimants and the North Carolina state court claimants may not enforce or execute any judgment obtained in either state court action against the fund deposited in this Court by Great West.

Signed: September 5, 2012

Martin Reidinger
United States District Judge