IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv267

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, INC., of behalf of its Insureds, GLOBE CARRIER COMPANY, ROUMEN T. VELKOV and GERGANA LAZOVA, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| LACEY FREDRICS, JASON PETER CLARK, CATHERINE CLARK, CHRISTOPHER REED, CHARLES CONARD, DANNY MATHIS, HAROLD BRUCE STEVENS, ESTATE OF ALVIN KIMBLE, ESTATE OF GAIL KIMBLE, ESTATE OF AMBER REED, ESTATE OF CHARLES J. NOVAK, ESTATE OF THERESA N. SEAVER, KEARA CARPENTER, YOKOHAMA CORPORATION OF NORTH AMERICA, TAYLOR AND MURPHY CONSTRUCTION COMPANY, INC., FERRARA PAN CANDY CO., INC., and CJH FREIGHT SERVICES, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

| | )|
|---|---|
| CHARLES CONARD, DANNY MATHIS, HAROLD | ) |
| BRUCE STEVENS, CATHERINE CLARK, | ) |
| ESTATE OF THERESA N. SEAVER, YOKOHAMA | ) |
| CORPORATION OF NORTH AMERICA, and | ) |
| CJH FREIGHT SERVICES, INC., | ) |
| | ) |
| Counter Claimants, | ) |
| | ) |
| vs. | ) |
| | ) |
| GREAT WEST CASUALTY COMPANY, on | ) |
| behalf of its insureds, | ) |
| GLOBE CARRIER COMPANY, | ) |
| ROUMEN T. VELKOV and GERGANA LAZOVA, | ) |
| | ) |
| Counter Defendant. | ) |
| | ) |

## ORDER

**THIS MATTER** is before the Court on the following:

1. The Joint Motion to Dismiss Claims with Prejudice Against and Counterclaims by Harold Bruce Stevens [Doc. 148], to which no opposition has been filed;

2. The parties' Memorandum of Mediated Settlement [Doc. 156];

3. The Report of Mediated Outcome [Doc. 157];

4. The Voluntary Dismissal with Prejudice of Defendant/Counterclaimant Yokohama Corporation of North America [Doc. 158], pursuant to which it dismissed its Counterclaim against the Plaintiff/Counter-Defendant

2

Great West Casualty Company, on behalf of its insureds, Globe Carrier Company, Roumen T. Velkov and Gergana Lazova, to which no opposition has been filed;

5. The Joint Motion for Voluntary Dismissal of Counterclaims of Defendant/Counterclaimant CJH Freight Services, Inc. and Plaintiffs/Counter-Defendants Great West Casualty Company, Globe Carrier Company, Roumen T. Velkov and Gergana Lazova [Doc. 159];

6. The Voluntary Dismissal with Prejudice of Defendants/Counterclaimants Charles Conard and Danny Mathis of all Counterclaims against Plaintiff/Counter-Defendant Great West Casualty Company, on behalf of its insureds, Globe Carrier Company, Roumen T. Velkov and Gergana Lazova [Doc. 160];

7. Defendant Ferrara Pan Candy Co., Inc.'s Voluntary Dismissal with Prejudice [Doc. 161] of all claims for contribution or indemnity against the interpleaded funds [Doc. 161];

8. The Joint Motion for Dismissal of the Plaintiff Great West Casualty Company, on behalf of its insureds, Globe Carrier Company, Gergana Lazova and Roumen T. Velkov, and Defendant/Counterclaimant Taylor & Murphy Construction Company, Inc. [Doc. 162]; and

9. The Joint Motion to Approve Mediated Settlement Agreement, to

Disburse Interpleaded Funds and for Entry of Final Judgment of the Plaintiff Great West Casualty Company, on behalf of its insureds, Glove Carrier Company, Roumen T. Velkov and Gergana Lazova and each and every Defendant and Defendant/Counterclaimant remaining in this action [Doc. 163].

Having reviewed the documents filed by the parties and having considered the Settlement Agreement entered into by the parties, the Court finds that the relief sought should be granted.

**IT IS, THEREFORE, ORDERED** as follows:

1. There being no opposition, the Joint Motion to Dismiss Claims with Prejudice Against and Counterclaims by Harold Bruce Stevens [Doc. 148] is hereby **GRANTED** and this action is hereby **DISMISSED** in its entirety as to any claims against and/or counterclaims by Harold Bruce Stevens.[1]

2. The Counterclaim of Defendant/Counterclaimant Yokohama Corporation of North America against the Plaintiff/Counter-Defendant Great West Casualty Company, on behalf of its insureds, Globe Carrier Company,

---

[1]Defendant/Claimant Stevens did not file an Answer to the Fourth Amended Complaint. He did, however, file an Answer to the Third Amended Complaint in which he asserted a Counterclaim. [Doc. 81]. As a result, the motion to dismiss was appropriate. Fed.R.Civ.P. 41.

Roumen T. Velkov and Gergana Lazova, is hereby **DISMISSED**.[2]

3. The Joint Motion for Voluntary Dismissal of Counterclaims of Defendant/Counterclaimant CJH Freight Services, Inc. and Plaintiffs/Counter-Defendants Great West Casualty Company, Globe Carrier Company, Roumen T. Velkov and Gergana Lazova [Doc. 159] is hereby **GRANTED** and the Counterclaims are hereby **DISMISSED**.

4. The Counterclaims of Defendants/Counterclaimants Charles Conard and Danny Mathis against the Plaintiff/Counter-Defendant Great West Casualty Company, on behalf of its insureds, Globe Carrier Company, Roumen T. Velkov and Gergana Lazova are hereby **DISMISSED** with prejudice.[3]

5. All claims for contribution or indemnity against the interpleaded funds by

---

[2] Yokohama Corporation of North American filed an Answer with Counterclaim (Doc. 86) in response to the Third Amended Complaint (Doc. 83) to which the Plaintiff filed Answer (Doc. 106, Doc. 107, Doc. 108). As a result, the parties should have filed either a joint motion to dismiss or a stipulation of dismissal signed by all the parties instead of a Voluntary Dismissal with Prejudice (Doc. 158). Fed.R.Civ.P. 41. In the parties' Joint Motion to Approve Mediated Settlement Agreement, to Disburse Interpleaded Funds and for Entry of Final Judgment, the parties' requested dismissal of any and all claims and counterclaims remaining in the action. [Doc. 163 at 2, 4-5]. In the interest of efficiency and in order to disburse the sums to the claimants in a timely manner, the Court has construed this Joint Motion as including a motion to dismiss all claims and counterclaims and/or a stipulation of dismissal of the same which has been signed by all of the parties. The Court therefore will dismiss this Counterclaim.

[3] Again, because the Defendants/Counterclaimants Conard and Mathis previously filed an Answer with Counterclaims to the Third Amended Complaint (Doc. 59) to which the Plaintiff filed Answer (Doc. 109, Doc. 110, Doc. 111, Doc. 112), they erroneously filed a Voluntary Dismissal with Prejudice instead of a motion or stipulation. For the same reasons as previously noted, the Court will dismiss the Counterclaims.

Defendant Ferrara Pan Candy Co., Inc. are hereby **DISMISSED** with prejudice.[4]

6. The Joint Motion for Dismissal of the Plaintiff Great West Casualty Company, on behalf of its insureds, Globe Carrier Company, Gergana Lazova and Roumen T. Velkov, and Defendant/Counterclaimant Taylor & Murphy Construction Company, Inc. [Doc. 162] is hereby **GRANTED** and all claims against the Defendant/Counterclaimant Taylor & Murphy Construction Company, Inc. are hereby **DISMISSED**.[5]

7. The Joint Motion to Approve Mediated Settlement Agreement, to Disburse Interpleaded Funds and for Entry of Final Judgment of the Plaintiff Great West Casualty Company, on behalf of its insureds, Glove Carrier Company, Roumen T. Velkov and Gergana Lazova and each and every Defendant and Defendant/Counterclaimant remaining in this action [Doc. 163] is hereby **GRANTED** and the Settlement Agreement is hereby **APPROVED** as follows:

---

[4]Defendant/Claimant Ferrara Pan Candy Co., Inc. did not file an Answer to the Fourth Amended Complaint. It did, however, file an Answer to the Third Amended Complaint in which it asserted claims for contribution and indemnity. [Doc. 93]. As a result, it should have moved to dismiss or filed a stipulation of dismissal. For the same reasons as previously noted, the Court will dismiss the claims.

[5]Defendant/Claimant Taylor & Murphy Construction Company, Inc. did not file an answer to the Fourth Amended Complaint. It did, however, file an Answer to the Third Amended Complaint. [Doc. 113]. Thus, a motion to dismiss was appropriate.

a. The One Million Dollars and No Cents ($1,000,000.00) in liability insurance policy proceeds representing the total amount of coverage available pursuant to Policy GWP39171E issued by the Plaintiff Great West Casualty Company on behalf of its insureds, Glove Carrier Company, Roumen T. Velkov and Gergana Lazova, and interpleaded and deposited into the registry of the United States District Court for the Western District of North Carolina, Asheville Division, shall be disbursed by the Clerk of Court for the United States District Court for the Western District of North Carolina to the Trust Account of the attorney for each of the individuals and/or entities identified below as follows:

   i. The sum of One Hundred Forty-Six Thousand Dollars and No Cents ($146,000.00) shall be recovered by the Estate of Charles J. Novak;

   ii. The sum of One Hundred Forty-Six Thousand Dollars and No Cents ($146,000.00) shall be recovered by the Estate of Theresa N. Seaver;

   iii. The sum of One Hundred Forty-Six Thousand Dollars and No Cents ($146,000.00) shall be recovered by the Estate of Amber Reed;

iv.  The sum of One Hundred Forty-Six Thousand Dollars and No Cents ($146,000.00) shall be recovered by the Estate of Alvin Kimble;

v.  The sum of One Hundred Forty-Six Thousand Dollars and No Cents ($146,000.00) shall be recovered by the Estate of Gail Kimble;

vi.  The sum of Twenty Thousand Dollars and No Cents ($20,000.00) shall be recovered by the Estate of Amber Reed for the recovery of medical bills incurred prior to her death;

vii.  The sum of Two Thousand Dollars and No Cents ($2,000.00) shall be recovered by Yokohama Tire Company in the care of counsel for Yokohama Corporation of North America;[6]

viii.  The sum of Seventy-Seven Thousand Three Hundred Twenty-Six Dollars and Forty Cents ($77,326.40) shall be recovered by Keara Carpenter;

ix.  The sum of Four Thousand Eight Hundred Sixty Dollars and Eighty Cents ($4,860.80) shall be recovered by Catherine

---

[6] Yokohama Tire Company is not a party to this action.

Clark;

 x. The sum of Eight Hundred Sixty-Eight Dollars and No Cents ($868.00) shall be recovered by Charles Conard;

 xi. The sum of Seven Hundred Forty-Four Dollars and No Cents ($744.00) shall be recovered by Danny Mathis;

 xii. The sum of Eight Thousand Two Hundred Eighty-Three Dollars and Twenty Cents ($8,283.20) shall be recovered by Christopher Reed;

 xiii. The sum of One Hundred Forty-Five Thousand Six Hundred Seventy-Five Dollars and Twenty Cents ($145,675.20) shall be recovered by Lacey Fredrics; and

 xiv. The sum of Ten Thousand Two Hundred Forty-Two Dollars and Forty-Two Cents ($10,242.40) shall be recovered by Jason Peter Clark.

8. The Settlement Agreement approved herewith resolves and settles any and all claims to the One Million Dollars and No Cents ($1,000,000.00) interpleaded in this Court and the disbursement of that sum in accordance with this Order is the full and final disbursement thereof.

9. Each of the parties to this action shall bear his or her or its own attorneys' fees, costs and *pro rata* share of the costs of the Mediated

Settlement Conference.

10. Having reviewed the terms and conditions of the Settlement Agreement and the representations of the parties, the Court finds that the disbursement of the funds interpleaded into this Court in the manner prescribed herein is a fair, equitable and just distribution thereof.

**IT IS FURTHER ORDERED** that all other claims asserted or alleged by any party in this action, other than those addressed specifically in the mandate above, are hereby **DISMISSED** in their entirety with prejudice.

Signed: December 11, 2012

Martin Reidinger
United States District Judge